IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO. 3:09-CV-8(CDL) |
| vs. | * | |
| | * | |
| NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, d/b/a American Financial Solutions, | * | |
| | * | |
| Defendant. | * | |
| | * | |

O R D E R

Presently pending before the Court are Defendant's Motion to Transfer (Doc. 4) and Motion to Dismiss (Doc. 5). For the reasons set forth below, the Court denies the Motion to Dismiss and grants the Motion to Transfer. All other pending motions are moot.

FACTUAL BACKGROUND

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the following recitation of the facts takes the Complaint's allegations as true, as the Court must do on a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim. *Carmichael v. Kellogg, Brown & Root Servs, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

Defendant provides consumer credit counseling services through one of its divisions. Sherry Craft received credit counseling

services from Defendant and is pursuing an action against Defendant in this Court for alleged violations of Georgia's Debt Adjusting Act ("Craft Lawsuit"). (*See Craft v. N. Seattle Cmty. Coll. Found.*, 3:07-CV-132-CDL (M.D. Ga.).) Craft filed her lawsuit against Defendant in October of 2007. (Compl. ¶ 10.) Defendant tendered the claim to Plaintiff, which had issued a professional liability insurance policy to Defendant ("Policy"). (*Id.* ¶ 20; Ex. 3 to Def.'s Mot. to Dismiss [hereinafter Policy][1].) The Policy was delivered to Defendant, a Washington entity, in Washington by a Washington insurance broker. (Policy at 1.) The Policy was "registered and delivered as a surplus line coverage under the insurance code of the State of Washington," and it is subject to "Washington Common Policy Conditions." (*Id.* at 1, 29-32.) The parties agree that Plaintiff has a duty to defend claims against Defendant to which the Policy applies. In November of 2007, Plaintiff advised Defendant that there may not be any coverage under the Policy for the Craft Lawsuit, and Plaintiff and Defendant corresponded for several months about coverage issues. (Compl. ¶¶ 11-16.) Plaintiff never agreed to defend Defendant under a reservation of rights and never expressly denied coverage or a defense. Defendant retained counsel to defend the Craft Lawsuit. (*Id.* ¶ 17.)

---

[1]Plaintiff did not attach a copy of the Policy to its Complaint, but Defendant attached a copy to its Motion to Dismiss. The Court may consider the Policy in ruling on the Motion to Dismiss because it is central to Plaintiff's claim and its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

2

After the Craft Lawsuit had been pending for more than a year, Plaintiff filed the present declaratory judgment action on January 13, 2009, seeking a declaration that the Policy provides no coverage to Defendant for the Craft Lawsuit. On May 7, 2009, Defendant filed a breach of contract action against Plaintiff in the United States District Court for the Western District of Washington, Seattle Division. (*N. Seattle Cmty. Coll. Found. v. Great Am. E&S Ins. Co.*, No. 2:09-CV-00635-RAJ (W.D. Wash.).) In that action, Defendant contends that the Policy does provide coverage for at least some of the claims asserted in the Craft Lawsuit and that Plaintiff breached its contract with Defendant by failing to defend the Craft Lawsuit.

Defendant seeks dismissal of Plaintiff's declaratory judgment action, contending that (1) the Court lacks subject matter jurisdiction because there is no "actual case or controversy," and (2) the Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to refuse to hear Plaintiff's claim. In the alternative, Defendant asks the Court to transfer this action to the United States District Court for the Western District of Washington under 28 U.S.C. § 1404(a).[2]

---

[2] Defendant also argued in its Motion to Dismiss that the Court lacks personal jurisdiction over Defendant. Plaintiff responded that the Court has personal jurisdiction over Defendant for purposes of this action because Defendant transacts business in Georgia and has continuous and systemic contacts with the state. Defendant failed to address this issue in its reply brief, and the Court concludes that Defendant has abandoned its personal jurisdiction argument.

DISCUSSION

## I. Defendant's Motion to Dismiss

Defendant contends that the Court does not have subject matter jurisdiction over the present action because there is no "actual case or controversy" as required by Article III of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant argues that Plaintiff's Complaint does not present a "live" controversy for two reasons. First, Defendant claims that Plaintiff's request for a declaration as to its duty to defend is moot because, for all practical purposes, Plaintiff has already denied coverage to Defendant even though both sides agree that Plaintiff never expressly denied a defense. Second, Defendant asserts that Plaintiff's request for a declaration as to its duty to indemnify Defendant for claims related to the Craft Lawsuit is not yet ripe because Defendant's liability in the Craft Lawsuit has not yet been decided. The Court finds, however, that Plaintiff's Complaint in this action—and Defendant's Complaint in the Washington breach of contract action—reveal that there is a live controversy between the parties regarding whether the Policy provides coverage for the Craft Lawsuit claims, including Plaintiff's duty to defend those claims. Therefore, the Court denies Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

Defendant also argues that the Court should exercise its discretion to refuse to hear Plaintiff's declaratory judgment action.

4

*See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) (noting that Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so"). District courts may exercise such discretion when, for example, "'another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). The Court declines to dismiss this action based on its discretion not to hear the declaratory judgment action but concludes, as discussed in more detail below, that it is appropriate to transfer this action to the United States District Court for the Western District of Washington, Seattle Division.

**II. Defendant's Motion to Transfer**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has discretion to decide whether to transfer a case to another district based on an individualized "consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted). The federal courts typically accord a plaintiff's choice of forum considerable deference, so the § 1404(a) movant has the burden to establish that its proposed forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).

5

Washington is a forum where the pending action "might have been brought," and Plaintiff does not contend otherwise. The Washington court would have subject matter jurisdiction over Plaintiff's declaratory judgment claim, which "arise[s] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Venue would be proper in the Washington court's Seattle Division because Defendant resides in Seattle and because "a substantial part of the events or omissions giving rise to the claim" occurred there. 28 U.S.C. § 1391(b). Finally, the Washington court is able to exercise personal jurisdiction over both parties because Defendant resides in Seattle and Plaintiff transacts business there. Accordingly, this action "might have been brought" in the Western District of Washington.

The Court now turns to the question whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the requested transfer. There are nine factors relevant to this inquiry:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).[3] In considering these factors, the Court must bear in mind that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted).

Perhaps the overriding factor in favor of transfer is pendency of the breach of contract action in the Washington court. If the present action were transferred (and presumably consolidated with the Washington breach of contract action), the Washington court could decide everything there is to be decided between the parties—including the coverage issue—thus eliminating both cases. The present action could only decide the issue of coverage, leaving significant questions to be decided by the Washington court.

Several other factors weigh in favor of transfer. Plaintiff does not contest that virtually all of the witnesses and documents relevant to the issuance of the Policy and the parties' course of conduct are located in Washington, while no witnesses or documents are located in Georgia. Plaintiff does not dispute that it would be more convenient for Defendant to litigate this action in Washington and does not contend that it would be more convenient for Plaintiff, an Ohio resident, to litigate this action in Georgia rather than Washington. Plaintiff also does not contest that Washington is the

---

[3] These factors are also considered in deciding whether to hear a declaratory judgment action. *Manuel*, 430 F.3d at 1135.

7

locus of operative facts for this action because the Policy was delivered in Washington. Plaintiff *does* argue that all of these factors are irrelevant because the Court must simply look to the four corners of the Policy and the Craft complaint to determine whether coverage exists. There are, however, circumstances under which it may be necessary for the Court to consider evidence outside the Policy and the Craft complaint to resolve the coverage issue, and the Court cannot at this time, without deciding to determine the coverage issue, ascertain whether those circumstances apply here.

The Court also concludes that Washington law will apply to this dispute. In deciding which law to apply, the Court must apply the choice of law rules of Georgia, the forum state. *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006) (per curiam). Georgia uses the rule of *lex loci contractus* to decide what law applies to contract actions. *Convergys Corp. v. Keener*, 276 Ga. 808, 811, 582 S.E.2d 84, 86 (2003). Under this approach, contracts "'are to be governed as to their nature, validity, and interpretation by the law of the place where they were made[.]'" *Id.*, 276 Ga. at 811 n.1, 582 S.E.2d at 86 n.1 (quoting *Gen. Tel. Co. of the Se. v. Trimm*, 252 Ga. 95, 95, 311 S.E.2d 460, 461 (1984)). Here, the Policy was issued to a Washington organization in the state of Washington and has no connection with Georgia. The Washington Insurance Code provides that all insurance and insurance transactions in Washington are governed by Washington's Insurance Code. Wash. Rev. Code § 48.01.020. Among other things, the

8

Washington Insurance Code contains detailed provisions governing the form, content, and construction of insurance policies. Wash. Rev. Code §§ 48.18.010-.586. For these reasons, the Court is satisfied that the issues raised in Plaintiff's declaratory judgment action must be resolved under the Washington Insurance Code and the decisions construing it. The Washington court has the advantage of being more familiar with Washington law than a federal court sitting in Georgia, so this factor weighs in favor of transfer.

The only factor in favor of this Court retaining jurisdiction is deference to Plaintiff's choice of forum. While this factor is traditionally afforded substantial weight, this Court has observed that

> a plaintiff's choice of forum is afforded less weight if the plaintiff resides outside the forum due to the difficulty plaintiff will have in showing why the original forum is more convenient, and a plaintiff's choice of forum is also afforded little weight if the majority of the operative events occurred elsewhere.

*Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-CV-105(CDL), 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008) (internal quotation marks omitted).

Under the circumstances of this case, the Court finds that Plaintiff's choice of forum is clearly outweighed by other considerations, including the pending Washington breach of contract action, the locus of operative facts, the convenience of the parties and witnesses, the location of relevant documents, and choice of law. Based on the foregoing and in the interest of justice, the Court

finds that the Seattle Division of the Western District of Washington is a more appropriate venue than the Middle District of Georgia. Accordingly, this action shall be transferred to the United States District Court for the Western District of Washington, Seattle Division.

CONCLUSION

For the reasons set forth above, the Court denies Defendant's Motion to Dismiss (Doc. 5) and grants Defendant's Motion to Transfer (Doc. 4). All other pending motions are moot. This action is hereby transferred to the United States District Court for the Western District of Washington, Seattle Division.

IT IS SO ORDERED, this 2nd day of September, 2009.

        S/Clay D. Land
          CLAY D. LAND
  UNITED STATES DISTRICT JUDGE